**AETNA LIFE INSURANCE COMPANY, Plaintiff**

**v.**

**GUAM MEMORIAL HOSPITAL AUTHORITY, a Public Corporation and GOVERNMENT OF GUAM, Defendants**

Civil Case No. 53-79

Superior Court of Guam

March 19, 1979

RAKER, *Judge*

### DECISION AND ORDER

Plaintiff, Aetna Life Insurance Company, a corporation (Aetna), brought suit against the defendant, government of Guam (Government), for $200,000 for breach of contract. Aetna did not file a claim with the Attorney General of Guam pursuant to the requirements of the Government Claims Act. Both plaintiff and defendant have filed motions for summary judgment.

The Government raises the defense of sovereign immunity contending that suits against the Government can only be brought insofar as the Government has consented to be sued. Counsel for Aetna urges the Court to reject the defense of sovereign immunity, citing the 1978 Supreme Court of Pennsylvania case of *Mayle v. Pennsylvania Department of Highways*, 388 A.2d 709, in which the Supreme Court of Pennsylvania by a 4 to 3 decision reversed a Pennsylvania Trial Court that had ruled that sovereign immunity applied in a tort action against the State of Pennsylvania for personal injuries.

The Government of Guam Claims Act, § 6500.01 of the Government Code of Guam, states in pertinent part as follows:

> Waiver of immunity. The government of Guam hereby waives immunity from liability, but only as hereinafter provided:
>
> (a) for all expenses incurred in reliance upon a contract to which the Government of Guam or any of its departments, agencies or funds is a party, but if the contract has been substantially completed, expectation damages may be awarded;

The Government of Guam Claims Act, § 6500.03 et seq., requires the filing of a claim with the Attorney General as a condition precedent to the filing of an action against the Government in the Superior Court of Guam.

Counsel for Aetna claimed in oral argument that filing a claim with the Attorney General would be useless because the nature of the contractual obligation falls outside of the waiver provisions of § 6500.01, cited above. However, Aetna is in no worse position than the victim of an intentional tort committed by Federal agent or employee. 28 U.S.C.A. 2680 (Tort Claims Procedure) provides as follows:

> The provisions of this Chapter and § 1346(b) of this title shall not apply to—

\* \* \*

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: ...

## 72 Am.Jur.2d, States, Territories and Dependencies, reads as follows:

*Section 99. General rule as to state's immunity from suit.*

The general principal of jurisprudence that the sovereign cannot be sued without its own consent applies with full force to the several states of the Union. Accordingly, no suit, whether at law or in equity, is maintainable against the state either in its own courts or in the courts of a sister state, by its own citizens, by the citizens of another state, or by the citizens or subjects of a foreign state, unless the state has given its consent or otherwise waived its immunity. The state's immunity from suit without its consent is absolute and unqualified, and a constitutional provision securing it is not to be so construed as to place the state within the reach of the process of the court. ...

*Section 167. Actions against territories.*

The incorporated territories have always been held to possess an immunity from suit without their consent, and although a territory is not an integral part of the United States, the same rule should apply. And the same immunity has been held to apply to unincorporated territories. ...

## The Organic Act of Guam, 48 U.S.C.A. 1421a, provides in pertinent part as follows:

*Section 1421a. Unincorporated territory; capital; powers of government; suits against government; type of government; supervision.*

Guam is declared to be an unincorporated territory of the United States and the capital and seat of government thereof shall be located at the city of Agana, Guam. The government of Guam shall have the powers set forth in this Chapter, shall have power to sue by such name, and, *with the consent of the Legislature evidenced by enacted law, may be sued upon any contract* entered into with respect to, or any tort committed incident to, the exercise by the

government of Guam of any of its lawful powers. . . . (Emphasis supplied.)

The Eleventh Amendment to the Constitution of the United States provides as follows:

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign State.

Based on the foregoing authorities, IT IS ORDERED:

1. The government of Guam's motion for summary judgment is granted.

2. The motion of Aetna Life Insurance Company for summary judgment is denied.

Judgment shall be in accordance herewith.